**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| CARIBBEAN CHARTER CORP., <br><br> **Plaintiff,** <br><br> v. <br><br> M/Y AUREELITO, Official No. 1273795, Hull ID No. JDJ36169H405, her engines, tackle, boilers, accessories, appurtenances, etc. *in rem*; et al <br><br> **Defendant.** | CIVIL. NO. 25-1618 (RAM) <br><br><br> IN ADMIRALTY |

**MEMORANDUM & ORDER**

RAÚL M. ARIAS-MARXUACH, District Judge

Presently pending before this Court is the question of whether admiralty jurisdiction exists for Plaintiff Caribbean Charter Corp. ("CCC" or "Plaintiff")'s suit that has resulted in the *in rem* arrest of the M/Y AUREELITO, Official No. 1273795, Hull ID No. JDJ36169H405, her engines, tackle, boilers, accessories, appurtenances, etc. (the "vessel"). After granting the vessel, The 3hird Fisherman LLC ("3rd Fisherman"), and Elliot Eduardo Giraud-Donate (collectively, the "Defendants")'s *Emergency Motion for Post Arrest Hearing*, (Docket Nos. 32, 33), the Court held a hearing on March 19, 2026 on the existence of subject matter jurisdiction. (Docket No. 40). The Court **NOTES**

Civil No. 25-1618 (RAM)                                                    2

Plaintiff and Defendants' supplemental briefing. (Docket Nos. 41, 42, 43).

Plaintiff's position is that it "need not prove at this junction every downstream issue about the ultimate character, rank, or enforceability of its claimed lien." (Docket No. 43 at 5). It acknowledges that its claim "rests on a Notice of Claim of Lien recorded under 46 U.S.C. § 31343—not a preferred ship mortgage under 46 U.S.C. § 31322." Id. at 7. Defendants, meanwhile, continue to aver that Plaintiff has provided no more than a Notice of Claim of Lien, which is a "unilateral filing by the Plaintiff...[and] even lacks the mortgagor's (3rd Fisherman) signature, a *sine qua non* requirement under 46 C.F.R. § 67.235." (Docket No. 42 at 2) (emphases in original).

Having heard the parties' argumentation at the hearing and reviewed supplemental briefing, the Court **VACATES** the arrest of the vessel. Fed. R. Civ. P. Supp. Rule C allows an *in rem* admiralty action only "[t]o enforce any maritime lien" or "[w]henever a statute of the United States provides for a maritime action in rem or a proceeding analogous thereto." Aside from an inapposite severability argument centered around one case, Plaintiff has not provided evidence of either.

As Plaintiff itself acknowledges, the proposition that vessel sales do not confer maritime jurisdiction is "unremarkable" and "undisputed." (Docket No. 43 at 6); *see also*

2 Benedict on Admiralty § 67 (2026) (explaining that under general maritime law, a mortgage on a vessel is not itself a maritime contract and does not alone create a maritime lien). Here, we have a typical vessel sale. Plaintiff's attempt to overcome the resulting formidable jurisdictional barrier relies primarily on Natasha, Inc. v. Evita Marine Charters, Inc. 763 F.2d 468 (1st Cir. 1985).

Natasha is inapposite to the case at bar. As then-Judge Stephen Breyer explained in the beginning of his opinion, Natasha concerns "one easy legal question. Does an admiralty court, which normally has jurisdiction over contracts to *charter* a boat, not have jurisdiction when the charter contract forms part of a larger contract to *sell* the boat? The well established answer to this question is that admiralty does have jurisdiction if the charter portion of the sale contract is readily 'separable' from the rest of the contract." Id. at 468 (emphases in original). Hence, Natasha's separability analysis becomes relevant only when there is a portion of the contract that confers admiralty jurisdiction in the first place. Here, Plaintiff cannot point to a provision concerning post-sale charter of the boat, as the plaintiff could in Natasha. Hence, Plaintiff's invocation of "First Circuit Separability Analysis" only becomes relevant if it can first point to a jurisdiction-creating maritime lien.

Plaintiff all but concedes that it does not have such a maritime lien. (Docket No. 43 at 7) (acknowledging that its claim "rests on a Notice of Claim of Lien recorded under 46 U.S.C. § 31343—not a preferred ship mortgage under 46 U.S.C. § 31322"). The Coast Guard's implementing regulation, 46 C.F.R. § 67.235, outlines the requirements for a filed and recorded mortgage that may qualify as a preferred ship mortgage under 46 U.S.C. § 31322. It states that "[a] mortgage presented for filing and recording must...[b]e signed by or on behalf of **each** mortgagor," and must contain the "name and address of each mortgagor" as well as "each mortgagee." 46 C.F.R. § 67.235 (emphasis added). Here, Plaintiff has admitted that its claim rests solely on a Notice of Claim of Lien, which does not contain a signature from both parties or Defendants' address. (Docket Nos. 2-4, 42-1). Moreover, 46 U.S.C. § 31343 makes clear that while an individual claiming a lien "may record with the Secretary a notice of that person's lien claim on the vessel," that individual "must record and discharge the lien as provided by the law of the State in which the vessel is titled" and the mere act of filing a notice of claim "does not alter in any respect the law pertaining to the establishment of a maritime lien." In other words, Plaintiff's Notice of Claim of Lien is little more than a unilateral assertion that it believes in its existence.

Civil No. 25-1618 (RAM)                                                    5

For the foregoing reasons, the Court concludes that Plaintiff has failed to establish admiralty jurisdiction for this *in rem* action. Therefore, the arrest of the vessel is **VACATED**. The vessel shall be released as soon as the fees of the substitute custodian are paid. Moreover, given the lack of subject matter jurisdiction, Plaintiff's *Amended Complaint* is **DISMISSED WITHOUT PREJUDICE**. (Docket No. 2). Plaintiff's *Motion for Extension of Time* is **DENIED AS MOOT**. (Docket No. 44).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of April 2026.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge